*3 Buch.* . Reeves *v.* McCracken.

MOSES E. REEVES, respondent,

*v.*

SELENA A. McCRACKEN, appellant.

[Argued November 29th, 1907. Decided March 2d, 1908.]

1. A contention on appeal that the court erroneously decided that the defendant, by her answer, admitted the truth of allegations touching facts not within her personal knowledge, because the answer was silent as to such allegations, will not be decided where the proof establishes the facts held to have been admitted.

2. A party made sworn answers to interrogatories, as required by the complainant's bill. The bill was thereafter amended, and the interrogatee was omitted as a party; but his answers were admitted in evidence in the trial of the amended bill.—*Held,* that a contention that the answers were inadmissible would not be decided on the appeal where the proof at the trial established the facts shown by the answers.

3. Answers to interrogatories by a party to the suit, sworn to in response to the prayer of complainant's bill, are evidence on the trial of the cause as made by an amended bill, to which the interrogatee is not made a party, within the meaning of a stipulation providing that evidence in the original suit might be used by either party under the amended bill, especially since, when office copies of the answers were admitted in evidence, objection was made only to their materiality and relevancy, and not to their admissibility or competency.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevens, whose opinion is reported in *69 N. J. Eq.* (*3 Robb.*) *203*.

*Mr. Robert H. McCarter*, for the appellant.

*Mr. Frank E. Bradner*, for the respondent.

PER CURIAM.

The decree of the court of chancery is affirmed, for the reasons given by the learned vice-chancellor who heard the cause, in whose conclusions, both as to the facts of the case and as to the equitable status of the parties, we concur.

As to two matters apparent on the face of the vice-chancellor's conclusions, however, we find it unnecessary to express any opinion inasmuch as the decree of the court below may be affirmed without regard to these points. The matters thus referred to are —*first*, that the appellant must be held to have admitted the truth of certain allegations of the bill touching facts not within her personal knowledge, because her answer was silent as to such allegations; and *second*, that the sworn answers of McCracken to interrogatories exhibited in connection with the original bill are evidential against Mrs. McCracken under the amended bill, to which McCracken is not a party.

The first of these questions need not be decided, because the matters that Mrs. McCracken was held to have admitted were sufficiently established by the proofs taken in the cause. The evidential force of McCracken's sworn answers to interrogatories need not be decided as an abstract question, for the same reason, and, further, because of the stipulation of the parties that evidence in the original suit might be used by either party under the amended bill. Sworn answers to interrogatories are so far evidence as to fall within the apparent scope of this stipulation, especially in view of the fact that when office copies of these answers were offered in order to make up the record in the present case, they were admitted for that purpose, the only objection made being as to their materiality and relevancy, and

not at all as to their admissibility or competency. If the bill had not called for answers under oath to these interrogatories, such answers would have been *eo nomine* "evidence in the cause," under *Marvel* v. *Fralinger, 67 N. J. Eq. (1 Robb.) 622.* We cannot see why they may not likewise be treated as evidence within the meaning of the stipulation merely because they were sworn to in response to the prayer of the complainant's bill. The vice-chancellor evidently treated the answers as if they were thus before him, and the use that he made of them is not essential to the conclusion reached by him upon the merits.

The decree is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL—13.

*For reversal*—None.